### In re MAHONEY'S WILL.

(*Supreme Court, General Term, Second Department.*  May 11, 1891.)

WILLS—PROBATE—PROCEDURE.

    Probate of a will was resisted before the surrogate on the ground of mental incapacity of the testator and undue influence exercised over him.  The surrogate rejected the will upon the first, but did not pass upon the second, ground.  Upon appeal, the general term reversed the judgment of the surrogate, and directed a jury trial of the issues.  *Held*, that it was proper to direct a jury trial in such case, without first remitting the case to the surrogate, with directions to pass upon the question of undue influence.  Distinguishing *Dack* v. *Dack*, 84 N. Y. 663.

On rehearing.  For opinion on appeal, see 12 N. Y. Supp. 122.

Petition by Mary A. Mahoney for probate of the last will and testament o Peter P. Mahoney.  The probate was resisted by Mary A. Prendergast and Lucie E. Cahill, and the surrogate refused to admit the will to probate.  Petitioner appealed, and the judgment of the surrogate was reversed.  Upon a motion for a reargument the court rendered the opinion below.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Frederick Smyth*, for appellant.  *Patrick Keady*, for respondent.

DYKMAN, J.  This matter came to the general term upon an appeal from the decree of the surrogate, which rejected the will of Mahoney, and the decree was reversed.  At the present term of the court the counsel for the contestants applied for a reargument, and the counsel for the proponent called the attention of the court to a possible irregularity in the disposition of the case by the general term.  There is no basis for the application for a reargument, and it must be denied.  There was no oversight of law or fact, and the case received full and careful consideration; and the re-examination which we have now made confirms our conviction that the objections raised against the will of Mahoney are destitute of any foundation.  There is a question, however, to which our attention has been now for the first time directed by the counsel for the proponent, which requires examination.  When the matter was before the surrogate he rejected the will for the mental incapacity of the testator, and did not decide the question of undue influence, which was also raised by the contestants.  Now, the counsel for the proponent fears that our direction for a jury trial is premature, and that we should first remit the case to the surrogate, with directions to him to pass upon the question of undue influence, and we are referred to the case of *Dack* v. *Dack*, 84 N. Y. 663, as an authority.  In that case the codicil to a will was contested for want of due execution, and on the ground of undue influence, and the surrogate refused to admit the codicil to probate upon the first ground, and failed to pass upon the latter.  The general term, upon appeal, reversed the decree of the surrogate, and directed him to admit the codicil to probate.  The court of appeals, upon appeal to that court, held the disposition of the case to be erroneous, because the directions to admit the will to probate foreclosed all controversy, and afforded no opportunity for the decision of the question of undue influence, which the contestants had a right to litigate.  The judgment, in effect, excluded the defense of undue influence, upon which the contestants had the right to insist, and were entitled to have decided.  In this case, however, the case was not remitted to the surrogate, but was sent to a jury, where every question involved will be open for litigation and determination, and therefore the reason upon which the decision in the case of *Dack* v. *Dack* was based has no application here.  The motion for a reargument will therefore be denied, and the decision made at the December term will remain without modification.